UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20269-Cr-Scola

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| CARLOS ORLANDO LEDESMA, | ) |
| NADIA ESPERANZA LEDESMA, | ) |
| OSMANI VALDIVIA PEREZ, | ) |
| and | ) |
| ROBERTO MARRERO-CISNEROS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM
AND RESPONSE TO PSI OBJECTIONS
AS TO DEFENDANTS CARLOS AND NADIA LEDESMA**

The United States, through its undersigned Assistant U.S. Attorney, respectfully files this Sentencing Memorandum. This memorandum focuses on defendants Carlos and Nadia Ledesma.

A. **INTRODUCTION**

All four defendants charged in this indictment pled guilty to conspiring with each other, and with others, to export about 600 outboard engines, knowing that they were stolen, and contrary to export laws, in violation of 18 U.S.C. §371. This memorandum summarizes the offense, and addresses Carlos and Nadia Ledesma's objections to the PSI, as well as requests for a downward departure and for a downward variance. Finally, the memorandum addresses the sentencing factors in 18 U.S.C. §3553.

1

B. **FACTUAL SUMMARY**

The facts are detailed in the agreed factual basis for the guilty pleas.  DE 53, 55.  The facts are also described in the PSI.  The following is a summary.

From 2015 to 2018, a single freight forwarder in Miami, Florida, Netcycle Trading Corp., owned by defendants Carlos and Nadia Ledesma, exported to Mexico about 600 stolen outboard engines.  Almost all the engines had false serial numbers created by defendant Roberto Marrero.

Most of the 600 engines were directed to relatives of defendant Osmani Valdivia, including his nephew, Tomas Vale Valdivia ("Vale").  Vale and others were using the stolen outboard engines on boats to smuggle immigrants into the United States. Vale has been sentenced for alien smuggling in a separate case.

Carlos and Nadia Ledesma had formed the freight forwarding company years before, in 2006, along with an employee.  Nadia Ledesma is the owner.  She held the required licenses, and had an account to submit the export information to the United States.  Carlos Ledesma is the warehouse manager.

Starting at least in 2015, Carlos Ledesma began communicating with individuals who wanted to export outboard engines to Mexico.  From 2015 to 2018, dozens of individuals delivered to Netcycle stolen outboard engines, without any documentation.  Nadia and Carlos Ledesma and their employee would copy the Driver's License of one of the persons delivering the engines. Nadia and her employee created blank forms to create false bills of sale using the names on the driver's licenses.

Each engine weighs several hundred pounds.  Carlos Ledesma would use the forklift to unload the engines.  He allowed codefendant Marrero to come into the warehouse to place false

2

serial number stickers. The engines arrived at Netcycle with cables and fuel lines cut, and they still contained fluids. Carlos Ledesma would drain the fluids, weigh the engines, and prepare the engines for transport.

Nadia Ledesma also had to fill out TSA forms listing the name of the shipper. For TSA the defendants would use the name of one of the persons who delivered the engine. Prior to each export, Nadia Ledesma or her employee would then electronically submit export information to the United States based on the false bill of sale.

On behalf of his nephew, codefendant Valdivia paid Carlos and Nadia Ledesma cash for the freight forwarding service. Valdivia also paid Marrero cash for the false serial number stickers. Valdivia would also pay cash to the thieves for the engines.

C. **SENTENCING GUIDELINES**

The United States agrees with the PSI's calculation of the advisory guidelines range of 60 months, which is the statutory maximum. The United States agrees that the advisory guidelines prior to considering the statutory maximum for both defendants would be 87 to 108 months.

The calculation includes: (1) a base offense level of 20 based on an actual loss of over $11 million (the average retail cost of the 594 stolen engines); (2) two points because the offense involved more than 10 victims; (3) two points because the offense involved sophisticated means; (4) two points because the offense involved an organized scheme to receive vessel parts; (5) a three-level reduction for the defendants' acceptance of responsibility and timely notification to the United States of their intention to plead guilty; and (6) a Criminal History Category of I.

### D. **DEFENDANTS' OBJECTIONS TO THE PSI**

1. **Sophisticated means**

Both Carlos and Nadia Ledesma object to the sophisticated means enhancement. They claim that there is insufficient evidence that they each intentionally engaged in the conduct constituting sophisticated means. First, they characterize their role as a "mere" freight forwarder. Second, they argue that the offense is not sophisticated because their combined proceeds were only $96,000.

However, in this case the sophisticated means enhancement is fully supported by the facts and the law. USSG §2B1.1(b)(10) provides for a 2 point enhancement if the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.

Both Carlos and Nadia Ledesma intentionally used sophisticated means, and did so in a coordinated and repetitive way. Carlos and Nadia Ledesma were not a "mere" freight forwarder. They each engaged in conduct to conceal the thefts and falsify documents. That is why over 50 individuals delivered close to 600 engines over four years to a single freight forwarder. It was because Carlos and Nadia Ledesma allowed for serial numbers to be changed. It was because Carlos Ledesma received engines with cables cut and still containing fluids, and he drained and prepared them to be accepted by airlines. Nadia Ledesma and her employee created false bills of sale and false TSA forms, and they submitted false electronic export information to the United States. Carlos Ledesma also filled out the false forms when Nadia Ledesma or the employee were not there.

The enhancement in this case is supported by recent Eleventh Circuit decisions. *United States v. Holland*, 2023 WL110585 at 10 (11th Cir. 2023) (totality of defendant's conduct supported sophisticated means enhancement including efforts to conceal fraud and preparing false invoices); *United States v. Munroe,* 2022 WL 17826350 at 2-3 (11th Cir. 2022) (spreading out illegal activities over an extended timeframe); *United States v. Anderson*, 2022 WL7970455 at 1-2 (11th Cir. 2022) (creating and falsifying documents and the methods were repetitive and coordinated).

Furthermore, the offense conduct of each defendant is no less sophisticated because their individual cash proceeds - after paying the airlines - was less than the significant loss they and their coconspirators caused to hundreds of individuals who had their outboard engines stolen. The PSI is correct in its application of a sophisticated means enhancement with respect to both Carlos and Nadia Ledesma

### 2. Criminal History

Carlos Ledesma incorrectly objects to 1 criminal history point for falsely notarizing affidavits relating to car accident personal injuries. First, he incorrectly argues that it is like lying to a police officer. His prior offense involved multiple false claims for accidents that never occurred or were staged. He notarized fraudulent affidavits that would be used to obtain insurance payments.

Moreover, even a conviction for lying to a police officer would count if the term of probation was more than 1 year. In this case, Carlos Ledesma's prior sentence was two years' probation (plus restitution). This objection has no merit. The PSI is correct. Carlos Ledesma has 1 criminal history point.

E. **DEFENDANTS' REQUESTS FOR DEPARTURES OR VARIANCES**

1. **Loss**

Both Carlos and Nadia Ledesma argue that a departure is warranted because the loss overrepresents the seriousness of the offense. They cite to USSG §2B1.1 application note 21 for the concept that in some cases the specific offense characteristics may result in an offense level that does not match the offense. The example in the application note is of a fraudulent statement made publicly to the stock market resulting in an aggregate loss that is very large but diffuse.

In this case, the number of victims is not as large as the stock market and the amount lost by each victim was not small. The loss is appropriately calculated based the average replacement cost of the stolen outboard engines. *See United States v. Howard*, 887 F.3d 1072, 1078 (10th Cir. 2018). This is the actual loss and what it would take to make the victims whole.

Also, in this case the loss amount accurately reflects the magnitude and seriousness of this conspiracy that involved at least 50 participants, just in the United States. This conspiracy included thieves who were stealing hundreds of engines, which were then being exported illegally by a single freight forwarder, and then used to smuggle countless immigrants into the United States.

In this case, the loss amount does not overrepresent the seriousness of the offense. The loss amount is calculated based on actual loss, and what the victims needed to be made whole. There is no basis for a departure or a variance.

### 2. Zero point offender

Defendant Nadia Ledesma seeks a two point variance based on a Guideline amendment that is likely to become effective in November 2023. That amendment would apply a two point reduction for a defendant like Nadia Ledesma who has zero criminal history points.

However, even if this variance were granted, the offense level would be reduced from 29 to 27, which still provides for 70 months at the low end. Therefore, the resulting statutory maximum of 60 months would still be the applicable sentence.

### F. SENTENCING FACTORS UNDER 18 U.S.C. § 3553

Title 18 U.S.C. § 3553 lists factors that the Court must consider in fashioning a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in the statute. In this case, the defendants have not yet provided substantial assistance to warrant a reduction for cooperation. At this time, the nature and circumstances of the offense and the need to afford adequate deterrence, support the 60 month advisory guideline sentence.

### 1. Nature and circumstances of the offense

As stated above, the conduct in this case was wide reaching. It went on for years and impacted hundreds of victims. It required repetitive coordination of thefts, fabrication of false serial numbers, quick deliveries, false bills of sale, false TSA documents, and false export submissions, and provided outboard engines for immigration smuggling crimes. None of this would have been possible without an efficient, skilled, licensed freight forwarder who would be willing to repeat this crime hundreds of times. The conduct of Carlos and Nadia Ledesma was serious.

### 2. Need for deterrence

Freight forwarders are key to having safe and legal imports and exports. The sentence in this case will deter the defendants from committing any offenses in the future.

South Florida is a hub for imports and exports. The sentences of these defendants will deter other freight forwarders from exporting stolen property.

### G. CONCLUSION

The United States requests that the Court impose the applicable guideline sentence of 60 months. The United States also request that the Court pronounce forfeiture in accordance with the plea agreement, and order restitution to the victims who were identified.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  /s/ Ana Maria Martinez
Ana Maria Martinez
Assistant U.S. Attorney
Florida Bar No.0735167
99 N.E. 4th Street
Miami, FL 33132
Phone: (305) 961-9431
Fax: (305) 536-5321
Email: Ana.Maria.Martinez@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on MAY 22, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

s/Ana Maria Martinez
Ana Maria Martinez
Assistant United States Attorney