**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20269-MD**

**UNITED STATES OF AMERICA**

vs.

**NADIA ESPERANZA LEDESMA,**

      **Defendant.**

_____/

**RESPONSE TO MOTION FOR COMPASSIONATE RELEASE**

The United States hereby submits this response to Defendant's Emergency Motion Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). (DE 112).

Defendant, a 48-year old female, seeks release from custody due to deep vein thrombosis with pulmonary embolism – a condition she acknowledges having for over 15 months since October 2024. According to her declaration, she receives treatment of a prescribed prescription with chronic care follow-ups. Because she has not alleged a condition with end-of-life trajectory or other factors meriting compassionate release, and because she has not sought compassionate release from the warden, the Government respectfully requests the Court dismiss the Motion.

**I.**  **Background on Defendant's Conviction**

In June 2022, the defendant was indicted on counts of conspiracy to export stolen vessel parts (18 U.S.C. § 371), exporting and attempting to export stolen vessel parts (18 U.S.C. § 553), and smuggling goods from the United States (18 U.S.C. § 554).

In March 2023, the defendant pled guilty to one count of conspiracy to export stolen vessel parts. (DE 56). The defendant was the president of a freight forwarding company in Miami who

received almost 600 stolen outboard engines that she conspired to export to Mexico through false bills of sale.

In May 2023, the Court sentenced the defendant to 18 months' imprisonment followed by 3 years of supervised release. (DE 91). In the judgment, the Court set a surrender date of May 15, 2025 for the sentence. (Id.) Defendant was initially housed at Federal Prison Camp Marianna from May 2025 to November 2025 and later transferred to Riverside Residential Re-entry Management in Miami where she currently resides. (Motion at 1).

**II.     Legal Standard**

The sentencing court has no inherent authority to modify an otherwise valid sentence. United States v. Pubien, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020). However, a district court may do so "when authorized by a statute or rule." United States v. Rivas, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020).

As relevant to the Motion, section 3582(c) permits a court to reduce an inmate's term of imprisonment where "extraordinary and compelling reasons warrant release." 18 U.S.C. § 3582(c)(1)(A). The First Step Act modified the compassionate release statute to permit prisoners to directly petition a court for relief (1) after "fully exhaust[ing] all administrative rights to appeal a failure of the BOP to bring a motion" or (2) after the "lapse of 30 days from the receipt" of a compassionate release request from the warden without response. 18 U.S.C. § 3582(a)(1)(A). The statute does not list any exceptions to the exhaustion requirement.

Assuming the defendant has satisfied the prerequisite for seeking relief from the district court, the Sentencing Commission has enumerated several "extraordinary and compelling reasons" justifying a reduction of sentence, including the medical condition of the defendant, the age of the defendant, and family circumstances. U.S.S.G. § 1B1.13, cmt n.1(A)-(C). Some examples of

compelling reasons are medical conditions with "end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor children. Id. The defendant has the burden to show circumstances meeting the test for reduction of sentence. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

### III.  Analysis

For the following reasons, the Court should deny the defendant's request for compassionate release.

First, the defendant, as she acknowledges, has not submitted a formal compassionate release request with the warden. Also, given that defendant has had the medical condition for well over a year, the defendant has failed to establish exigent circumstances to merit ignoring this rule. Because defendant has failed to demonstrate a satisfaction of the statutory prerequisites of 3582(c)(1)(A), the Motion should be denied. United States v. Lee, 848 Fed. App'x 872, 874-75 (11th Cir. Apr. 7, 2021) (affirming denial of compassionate release request where defendant had not exhausted administrative remedies); United States v. Pittman, 19-CR-60261-RAR, 2023 WL 3930723, at *2 (S.D. Fla. June 9, 2023) (denying compassionate release where defendant failed to submit request to warden and collecting cases with similar result).

Second, the Court should deny the Motion because defendant does not satisfy the requirement of establishing "extraordinary and compelling reasons" for her release. Defendant is a 48-year old female who has a health condition of deep vein thrombosis with pulmonary embolism that has been treated since October 2024. She does not allege that this condition has an end-of-life trajectory or has led to a serious physical deterioration as set forth in the commentary to merit compassionate release.

**Conclusion**

For the foregoing reasons, the United States respectfully recommends that the Court deny the Motion.

        Respectfully submitted,

        JASON A. REDING QUIÑONES
        UNITED STATES ATTORNEY

BY:    /s Michael N. Berger
        Assistant United States Attorney
        Court No. A5501557
        United States Attorney's Office
        99 N. E. 4th Street, 4th Floor
        Miami, Florida 33132-2111
        Tel: (305) 961-9445

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 31, 2025, I filed the foregoing document with the Court via CM/ECF and that a copy was sent by email to the address below:

Nadia Esperanza Ledesma
Riverside BOP, Miami Florida
Email: nrmiami@outlook.com

/s Michael N. Berger
Assistant United States Attorney